IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEVIN A. PEMBERTON, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:20-cv-03003-K (BT) |
| | § | |
| DIRECT LOAN SERVICE SYSTEM, | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Devin A. Pemberton, a federal prisoner, filed a *pro se* complaint and motion to proceed *in forma pauperis*. The Court should deny Pemberton's motion for leave to proceed *in forma pauperis* and dismiss the complaint unless Pemberton pays the $402.00 filing fee within 30 days of the filing of this recommendation.

I.

The procedure for a party to bring a lawsuit *in forma pauperis* is set forth in 28 U.S.C. § 1915. The goal of § 1915(a) is to allow access to federal courts for those plaintiffs who lack the resources to pay any of the statutory filing costs. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). The district court may authorize the commencement of a civil action without the prepayment of fees or costs by a prisoner when he files a financial affidavit along with a certified copy of his trust fund account statement for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(a)(2). The Court must then examine the financial

1

condition of the applicant to determine whether the payment of fees would "cause undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

On October 16, 2020, Pemberton filed his motion to proceed *in forma pauperis*. (ECF No. 9.) According to Pemberton's motion and inmate trust account statement, he has $1,604.82 in his inmate trust account. Over the last six months, $760.00 has been deposited to his account. Also, within the last six months, his average daily balance is $1,366.71. Finally, over the previous thirty days, his average account balance is $1,567.96. Based on this information, the Court should find Pemberton has failed to show that payment of the filing fee would cause him undue financial hardship.

II.

For the foregoing reasons, the Court should DENY Pemberton's motion for leave to proceed *in forma pauperis* and dismiss his complaint without prejudice unless Pemberton pays the $402.00 filing fee within 30 days of the filing of this recommendation.

Signed December 28, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).